UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAPITAL ONE SERVICES, INC.** | * | CIVIL ACTION NO. |
| | * | |
| **Plaintiff** | * | |
| **VERSUS** | * | SECTION: |
| | * | JUDGE |
| **SOFTWARE AG USA, INC.** | * | |
| | * | MAGISTRATE: |
| **Defendant** | * | MAG. JUDGE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

The Complaint for Declaratory and Injunctive Relief of Capital One Services, Inc., as the successor-in-interest to Hibernia National Bank, respectfully represents:

<u>**PARTIES**</u>

1.

Plaintiff Capital One Services, Inc. ("Capital One") is a Delaware corporation with its principal place of business in Richmond, Virginia. Capital One is in the banking business, and provides customers with online banking services.

2.

Defendant Software AG USA, Inc. ("Software AG") is a Florida corporation with its principal place of business in Reston, Virginia. Software AG is a software developer, provider, and servicer.

882853.2

3.

Capital One is the successor-in-interest of Hibernia National Bank ("Hibernia") with respect to certain software license agreements between Hibernia and webMethods, Inc. ("webMethods"). Software AG is the successor-in-interest of webMethods with respect to those agreements.

**JURISDICTION AND VENUE**

4.

This is an action for a declaratory judgment that Capital One has not infringed and is not infringing any copyright owned or controlled by Software AG by reason of Capital One's use of certain computer software products licensed and/or provided to Capital One by Software AG as further described herein. It is also an action for injunctive relief to preserve the status quo between the parties. Capital One seeks an injunction to prevent Software AG from interfering with Capital One's continued use and enjoyment of the software licensed and/or provided to it and to require Software AG to continue to fulfill its obligations to Capital One during the pendency of this dispute.

5.

The original agreement, entitled "Software License Agreement," between Hibernia National Bank and webMethods concerned the provision of certain software by webMethods to Hibernia for use at Hibernia's facilities based in New Orleans, Louisiana. Ex. A, Software License Agreement. After Capital One's parent company acquired Hibernia, Hibernia continued to use the licensed software and with the consent and support of webMethods, which provided software and support to Hibernia (and then to Capital One) in New Orleans, pursuant to the terms of the Software License Agreement, both originally and as amended.

6.

This Court has jurisdiction over the subject matter of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and under 28 U.S.C. § 1331 as the question to be determined arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

8.

Hibernia desired to provide online banking services to its customers and potential customers.  To do so, it needed to integrate its online banking platform to its IBM mainframe computer system.  Therefore, Hibernia entered into the Software License Agreement with webMethods, effective July 2, 2001.  Ex. A.  Under that agreement, webMethods granted Hibernia a perpetual license to use certain software described in the Exhibit A "Product Schedule" to the agreement.  Ex. A-1, Product Schedule to the Software License Agreement.  That schedule included all of the software necessary to accomplish the integration.  The Software License Agreement also included certain software support services to be rendered by webMethods to Hibernia, pursuant to Exhibit B "webMethods Software Support Plan."  Ex. A-2, webMethods Software Support Plan.

9.

As part of a system upgrade to increase the capacity of Hibernia's online banking system, webMethods and Hibernia amended the Software License Agreement in "Software License Agreement Amendment No. 1," effective May 19, 2005.  Ex. B, Software License Agreement Amendment No. 1.  Amendment No. 1 granted Hibernia a perpetual project-restricted license in the software products defined in the Exhibit A "Product Schedule" to Amendment No. 1.  Ex. B-

882853.2

1, Product Schedule, Project-Restricted License Grant, p. 1 of 2. The amendment's Product Schedule included the software and software support maintenance necessary for the project, that is, to integrate Hibernia's growing online banking system with its mainframe computers. Ex. B-1.

10.

In all instances relevant to this Complaint, WebMethods personnel, or the personnel of its successor-in-interest Software AG, installed and supported the specified and necessary software on the computer systems of Hibernia and its successor-in-interest Capital One.

11.

In December 2005, Capital One's parent company acquired Hibernia, and Capital One became the successor-in-interest to Hibernia's rights and obligations under the Software License Agreement as amended.

12.

Again needing to increase the capacity of its online banking system, Capital One and webMethods entered into "Amendment No. 2 to Software License Agreement," effective August 31, 2006. Ex. C, Amendment No. 2 to Software License Agreement. Amendment No. 2 granted Capital One "a nonexclusive, perpetual (unless otherwise set forth in the applicable Product Schedule), irrevocable (except as specified in Section 5 of [the] Amendment), royalty-free, fully paid-up, worldwide right and license (the "License") to access and use" the software identified in the Product Schedule attached to Amendment No. 2. Ex. C, Section 3, pp. 1-2. That Product Schedule included the software and software support and maintenance necessary to integrate Capital One's online banking system to its mainframe computers. Amendment No. 2 specifically granted Capital One a project-restricted license to use the specified software to

882853.2

provide "online banking services to Capital One's retail banking customers." The scope of the project-restricted grant was defined as "use [of] the software identified above to provide online Banking Services to Capital One's Retail Banking Customers." Ex. C-1, Product Schedule, Project-Restricted License Grant, page 1 of 2.

13.

Amendment No. 2 included a "Dispute Resolution and Continued Performance" clause. Ex. C, Section 7, p. 5. That clause specifically reserved to the parties the right to seek "any right or remedy" "at law or in equity" in the event of a dispute. It also specified that said reservation would not limit the right of either party to seek equitable relief including an injunction. *Id*. Moreover, in section 7(b), the clause required each party to "continue performing its obligations under the Agreement while the dispute is being resolved . . . ." *Id*. Section 7(b) further provides that "no provision of this section shall limit the right of either party to obtain any remedy available at law or in equity, including, but not limited to, any provisional or ancillary remedies such as specific performance and/or an injunction." *Id*.

14.

Amendment No. 2 also granted webMethods the right to conduct an audit of Capital One's facilities and systems "to insure compliance with the terms of the agreement." Ex. C, Section 4(e). Upon information and belief, almost four years after the last installation of software completed pursuant to the Software License Agreement as amended, on June 17 and 18, 2010, KPMG, LLP, on behalf of Software AG, conducted such an audit. That audit confirmed that the software specified and necessary to integrate Capital One's online banking system with its mainframe computers is currently installed on 12 production CPUs.

15.

Software AG now wrongfully claims that Capital One has over-deployed Software AG's products and/or exceeded the scope of the project-restricted license to use Software AG's software granted in the Software License Agreement as amended. Software AG has demanded substantial additional compensation for said alleged misuse. Software AG's claims would be cognizable under the Federal Copyright Act if and to the extent Software AG has registered the software products in question with the United States Copyright Office.

16.

Software AG's claims and demands have created an actual, substantial, and justiciable controversy between Capital One and Software AG concerning the right of Capital One to continue to use the software at issue under the Software License Agreement as amended without the payment of further compensation to Software AG.

17.

If Software AG were to interrupt or interfere with Capital One's use of the software at issue or were to cease providing support and maintenance, Capital One would suffer irreparable harm.

**WHEREFORE**, Capital One requests that this Court enter a judgment:

(a)  holding that Capital One has not infringed any Software AG copyright;

(b)  holding that Capital One's use of the software in question has not breached the Software License Agreement as amended and that Capital One does not owe Software AG any additional compensation under the Software License Agreement as amended;

(c) enjoining Software AG from taking any action to disrupt or interfere with Capital One's continued use of the software in question or to disrupt or interfere with Capital One's online banking system;

(d) enjoining Software AG from disrupting or interfering with Capital One's rights under the maintenance agreements referenced herein and attached to the Software License Agreement as amended;

(e) awarding Capital One the cost of this action, together with reasonable attorneys' fees; and

(f) granting such other and further relief, whether legal or equitable, to which Capital One is or may be entitled.

Respectfully submitted, this 11th day of August, 2010.

**McGLINCHEY STAFFORD, PLLC**

*/s/ Gerard E. Wimberly, Jr.*
**GERARD E. WIMBERLY, JR., T.A. (#13584)**
**DANIEL T. PLUNKETT (#21822)**
**R. ANDREW PATTY II (#23892)**
**ANGELINA CHRISTINA (#28530)**
601 Poydras Street, 12th Floor
New Orleans, LA 70130-3477
Telephone: (504) 586-1200
Facsimile: (504) 910-9362
Email: gwimberly@mcglinchey.com
        dplunkett@mcglinchey.com
        dpatty@mcglinchey.com
        achristina@mclginchey.com

***Attorneys for Capital One Services, Inc.***

882853.2