UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAPITAL ONE SERVICES, INC. )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>SOFTWARE AG USA, INC., )<br>)<br>    Defendant ) | Civil Action No: 2:10-cv-02707 |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Capital One Services, Inc. ("Capital One") asks the Court to enter a declaratory judgment in a matter which does not present a federal question, in which there is no diversity between the parties, and which presents no actionable controversy. Capital One and Software AG USA, Inc. ("Software AG"), two Virginia entities, are parties to an agreement under which Software AG licensed certain software to Capital One. In the past six months, issues have arisen regarding Capital One's performance under that contract, and specifically whether Capital One has exceeded its license rights. Software AG has not asserted that Capital One has breached their contract, invoked the contractually-required dispute resolution methods, or stated that it intends to terminate the contract or refuse any required performance. And Software AG has not claimed that Capital One has infringed any of Software AG's copyrights – the discussions between the parties have only related to their license agreement.

Nonetheless, Capital One has filed this civil action seeking a declaratory judgment and seeks to hinge the court's jurisdiction on a purported copyright claim. While the parties are certainly discussing their respective rights under the license agreement, there is no actionable case or controversy between these parties regarding that contract or any of Software AG's copyrights. Tellingly, Capital One has not pled, as it is required to plead, that Capital One has

1

engaged in any conduct that puts it at risk of a copyright claim, that it has been threatened with a copyright claim, or even that Software AG owns any copyrights. Indeed, all of the factual allegations address the parties' rights under the contract—issues of state law. Accordingly, the Court should dismiss this case for lack of subject matter jurisdiction.

## FACTUAL STATEMENT

On July 2, 2001, webMethods, Inc. ("webMethods") and Hibernia National Bank ("Hibernia") entered into an agreement giving Hibernia the right to use specific webMethods software. *See* Compl. Ex. A. Pursuant to that agreement, Hibernia was only permitted to install and use the software in certain quantities and in a specific manner. *See id.* On May 19, 2005, and August 31, 2006, the parties executed amendments to that license agreement. *See* Compl. Exs. B and C (Amendment Nos. 1 and 2). (The July 2, 2001 software license agreement, as amended, shall be referred to in this Memorandum as "the Contract.") Software AG is the successor-in-interest to webMethods,[1] and Capital One is the successor-in-interest to Hibernia. Compl. ¶ 3. This Memorandum will refer to the parties by their present names.

The Contract provides that upon the occurrence of a breach, the non-breaching party is to notify the breaching party of that breach and allow the breaching party 60 days to cure. *See* Compl. Ex. C (Amendment No. 2) at ¶¶ 5(a), 7(a). The parties are also to each appoint a representative who will attempt to resolve the contractual dispute. *See* Compl. Ex. C (Amendment No. 2) at ¶ 7(a). The Contract further provides that if a dispute arises, unless otherwise directed by the opposing party, "each Party shall continue performing its obligations under the Agreement while a dispute is being resolved." Compl. Ex. C (Amendment No. 2) at ¶ 7(b).

---

[1] In 2007, webMethods, Inc. changed its corporate name to Software AG USA, Inc.

2

On April 15, 2010, Software AG contacted Capital One to conduct an audit of Capital One's facilities to "ensure compliance with the terms of the Agreement," pursuant to section 4(e) of the Contract. *See* Compl. Ex. C (Amendment No. 2) at ¶ 4(e). KPMG, LLP conducted that audit and determined that Capital One had installed the software in question on 12 production CPUs, more than the amount contracted by the parties. Compl. ¶ 14. The parties discussed whether Capital One would like to expand its Contract with Software AG. At no point did Software AG provide notice: that Capital One had breached the Contract, giving Capital One 60 days to cure the breach; that Software AG intended to terminate or breach the Contract; or that Capital One infringed any of Software AG's copyrights. The parties also did not appoint representatives to negotiate any alleged dispute. Moreover, Capital One's Complaint does not allege that these contractual requirements in fact occurred.

In the midst of discussions, Capital One then filed this declaratory judgment action, asking the Court to declare that Capital One has not infringed Software AG's copyrights, to grant injunctive relief "to prevent Software AG from interfering with Capital One's continued use and enjoyment of the software licensed and/or provided to it and to require Software AG to continue to fulfill its obligations to Capital One during the pendency of this dispute." Compl. ¶ 4.

## LEGAL STANDARD

The party asserting jurisdiction in this Court bears the burden of proving that jurisdiction is proper beyond a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). The "well-pleaded complaint rule requires the availability of federal question jurisdiction to be determined from the face of the plaintiff's complaint." *Highland Hills Hosp. v. Louisiana Dep't of Health and Hosps.*, 926 F. Supp. 83, 86 (M.D. La. 1996). Thus, no

3

evidence is needed, or permitted, in deciding whether federal question jurisdiction exists. Likewise, because the Complaint affirmatively pleads that both Capital One and Software AG maintain their principal places of business in Virginia, no evidence is needed on whether diversity jurisdiction authorizes the Court to entertain the action. *See* 28 U.S.C. § 1332 (a district court possesses diversity jurisdiction over a case or controversy which "exceeds the sum or value of $75,000 . . . and is between -- (1) citizens of different States;" and "a corporation shall be deemed to be a citizen of any State . . . where it has its principal place of business").

## ARGUMENT

Capital One asserts that this Court has subject matter jurisdiction over this action because "the question to be determined arises under the Copyright Act." Compl. ¶ 6. But there are no allegations raising any questions under the Copyright Act, 17 U.S.C. 101 et seq. Likewise, the Complaint affirmatively pleads facts that establish that there is no diversity jurisdiction. Thus, there is no subject matter jurisdiction to issue a declaratory judgment or injunctive relief.

Even if there were a federal question, there is no justiciable controversy appropriate for resolution through declaratory relief. Capital One bases its action on its discussions with Software AG regarding Capital One's activities under the parties' Contract. Capital One has not alleged that Software AG has accused Capital One of infringing any of its copyrights or of breaching their Contract. Nascent differences of opinion and discussions between the parties as to their respective rights under an agreement do not necessarily elevate the matter to one ripe for judicial determination. There must be an actual antagonistic assertion of rights of sufficient gravity to rise to a justiciable controversy. That has not occurred here, and certainly has not occurred with respect to any question that might require resolution under the Copyright Act.

Capital One's action seeking declaratory and injunctive relief should be dismissed for lack of subject matter jurisdiction.

## I. This Action Does Not Contain A Federal Question.

Capital One's Complaint must be dismissed because it does not contain a federal question. Capital One asserts that this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1331. Compl. ¶ 6. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, "does not, in and of itself, confer jurisdiction." *Duzich v. Coastal Plains Prod. Credit Ass'n*, 861 F. Supp. 596, 598 (S.D. Tex. 1994); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950) (dismissing declaratory judgment action against two of the defendants because "the matter in controversy as to which [the plaintiff] asked for a declaratory judgment is not one that 'arises under the . . . laws . . . of the United States'" (second and third alterations in original)); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 151 (5th Cir. 1988) (dismissing the complaint because the plaintiff did not have "an independent basis for asserting jurisdiction over the subject matter" of the declaratory judgment claim (citations and internal quotation marks omitted)). To assert subject matter jurisdiction over Capital One's claim on the basis of a federal question, Capital One must allege facts that prove that the Court must resolve "a substantial question of federal law." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001). Specifically, Capital One "must show that (1) a federal right is an essential element of [its] . . . claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.* (alterations in original). Capital One has not pled facts to establish any of these elements.

This case is substantially similar to *Lang v. Patent Tile Co., Inc.*, 216 F.2d 254 (5th Cir. 1954). In that declaratory judgment action, the plaintiff had asked the district court to declare

that the parties' contract provided the plaintiff with the exclusive right to build, construct, sell, and lease machines according to defendant's patent and enjoin the defendant from infringing upon the plaintiff's patent rights.  *Id.* at 254 n.1.  The Fifth Circuit held that the district court did not have subject matter jurisdiction because the "primary and controlling purpose of the complaint was to secure an interpretation of the [contract], plaintiff's Exhibit A."  *Id.* at 255.  Although "[q]uestions under the patent laws may arise in the course of the litigation, . . . this is not a case arising under those laws."  *Id.*  The court vacated the judgment and remanded the case with directions to dismiss the complaint because the issue in the case was not whether the patent was valid, "but the interpretation of a collateral contract."  *Id.* at 256.  *Accord Collin County v. Siemens Bus. Servs., Inc.*, 250 Fed. Appx. 45, 49 (5th Cir. 2007) (In declining to exercise subject matter jurisdiction, the Fifth Circuit cites to *Lang* for the proposition that the "possibility of some ancillary patent-related issue does not confer jurisdiction; not all patent law questions demand federal jurisdiction – state courts can and do resolve such issues.").

Likewise, this case should be dismissed because it merely concerns interpretation of Capital One and Software AG's Contract.  Capital One's Complaint discusses the Contract between the parties and Software AG's recent audit of Capital One's activities pursuant to that Contract.  Capital One then asks the Court to declare that it has not breached the parties' Contract and to order Software AG to abide by the terms of the Contract.  As in *Lang*, because the Court would not have to decide any federal issues to adjudicate Capital One's claims, and because the primary purpose of the action is to ask the Court to interpret the parties' Contract, the Complaint should be dismissed.  *See Highland Hills*, 926 F. Supp. at 85-86 ("Federal question jurisdiction is also not present when a claim may be decided under state law without the necessity of interpreting a federal law."); *Duzich*, 861 F. Supp. at 598 (Although 46 U.S.C. §

6

31325(c) grants a district court original jurisdiction over a claim brought under § 31325(b), the court dismissed plaintiff's declaratory judgment action because the defendants' complaint "could be reasonably expected to focus on the private contractual agreement for the mortgage of the Miss Suni Suzanne.").

Only one paragraph in the Complaint contains a factual allegation regarding a copyright: paragraph 15 alleges that "Software AG's claims *would be* cognizable under the Federal Copyright Act *if and to the extent* Software AG has registered the software products in question with the United States Copyright Office." Compl. ¶ 15 (emphasis added). Based on this single, hypothetically-posed allegation, Capital One asks the Court to declare that it has not infringed any of Software AG's copyrights. *Id.* ¶ 4; prayer for relief. An action arises under the Copyright Act "'if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control disposition of the claim.'" *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 868 (E.D. La. 2003) (alterations in original) (quoting *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987)). As in *Dorsey*, in reading this Complaint "as a whole, it is plain that the controlling purpose of the petition is to determine . . . contracts," not copyright issues. *Dorsey*, 304 F. Supp. 2d at 867.

First, Capital One does not allege facts raising disputes over whether it copied any of the software in question in violation of the Copyright Act. Second, Capital One does not allege that Software AG has a copyright on an original work of authorship, namely the software. Third, Capital One does not allege that the work has been registered or an application filed. Fourth, Capital One does not allege that Capital One copied the work so as to violate the exclusive rights in 17 U.S.C. 106. Instead, Capital One only alleges that software was installed *by Software AG*

7

(Compl. ¶ 10), and that a demand has been made for payment (Compl. ¶ 15).  These are issues regarding a contract dispute between two non-diverse parties.  In considering the allegations about the audit and Capital One's present use of Software AG's software in the past few months, there is no allegation that the parties have discussed any of the copyrights owned by Software AG.  Notably absent is any claim that Software AG demanded that use of the software cease or that this use constitutes copyright infringement.  Because federal rights are not an essential element of Capital One's claim, the claim does not arise under the Copyright Act, and the Court would not have to interpret federal rights or a substantial question of federal law to resolve this case, there is no basis for subject matter jurisdiction under 28 U.S.C. § 1331.  And because only state law questions of contract rights are presented, and there is likewise no diversity of citizenship between the parties, the case should be dismissed.

## II. Capital One's Claim For Declaratory Relief Should Also Be Dismissed Because There Is No Case Or Controversy And Jurisdiction Is Discretionary.

Even if there were a federal question, a claim for declaratory relief must present a justiciable controversy for this Court to have subject matter jurisdiction over this Complaint.  A court cannot adjudicate a declaratory judgment action unless 1) that court has authority to grant the relief requested, 2) the action is justiciable, and 3) the court agrees to exercise its discretion to hear the action.  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).  As discussed above, this Court does not have the authority to decide this case because there is no federal question or diversity jurisdiction.  But even if there were, there is no actual controversy between the parties.  And even if Capital One overcame both hurdles, the Court should exercise its discretion to refuse to hear this case because the parties have not yet invoked even the informal means set forth in the Contract to resolve disputes, and judicial proceedings should not be injected at this preliminary stage.

A. There Is No Case Or Controversy In This Action.

To decide Capital One's declaratory judgment action, this Court must hold that the action is justiciable – that there is an actual case or controversy. But the facts demonstrate that there is no such controversy between these parties. To demonstrate a justiciable controversy in an intellectual property case, the declaratory plaintiff must show that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage Trailers*, 567 F.3d at 748 (internal quotation marks omitted) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Capital One cannot meet this burden.

The facts as pled show that there is no immediate, substantial controversy between Software AG and Capital One. Software AG conducted an audit to confirm whether Capital One was acting in accordance with the parties' Contract. *See* Compl. ¶ 14. Upon receiving the results of that audit, Software AG contacted Capital One to discuss Capital One's actions under the Contract, particularly its use of Software AG's software on additional CPUs. *See id.* ¶ 15. The parties have been discussing whether they will expand their current Contract given Capital One's additional use of Software AG's software. While Capital One clearly has taken a contrary position, that is not enough to invoke anything more than a request for an advisory opinion. Software AG has not issued a notice of default to Capital One and has not asserted that Capital One has infringed any copyrights. And the discussions between the parties have concerned Capital One's activities under the Contract, not any copyrights of the software. Issuing a declaratory judgment regarding unnamed Software AG copyrights and an undeclared breach of contract would be premature, at a minimum.

Further, the parties have demonstrated that there is no justiciable conflict in this case because they have not yet taken the dispute resolution steps required by the Contract. Paragraph five of the Contract requires a party to provide notice of breach to the other party if the former believes that the latter is breaching the Contract. Compl. Ex. C (Amendment No. 2) at ¶ 5(a). Paragraph seven of the Contract states that the parties must appoint representatives to "exercise reasonable, good faith efforts to resolve the dispute" between the parties, and the allegedly breaching party must be given 60 days to cure its breach. *See* Compl. Ex. C (Amendment No. 2) at ¶¶ 5(a), 7(a). The parties have not taken *any* of these steps, which demonstrates that there is no actionable controversy between the parties. And, more importantly, Capital One has not alleged that these steps have occurred.

What is more, Capital One's Complaint demonstrates that there is no actual controversy under the Copyright Act in this case because it fails to assert that Software AG holds or "has applied to register . . . . copyrights [for the software in question], a jurisdictional prerequisite to the filing of a copyright suit." *Emme Bridal, Inc. v. Milady Bridals, Inc.*, No. H-97-1845, 1998 WL 241202, *7 (S.D. Tex. Mar. 17, 1998) (citing *Creations Unlimited v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)). Capital One merely pleads that "Software AG's claims *would be* cognizable under the Federal Copyright Act *if and to the extent* Software AG has registered the software products in question with the United States Copyright Office." Compl. ¶ 15 (emphasis added). This conditional language as part of the pleading illustrates that the invocation of the Copyright Act is done in an effort to permit an argument for jurisdiction, not because there is an imminent threat of copyright infringement. Capital One also neglects to assert that it actually copied any of the software in question – an essential element to a copyright infringement claim.

These omissions show that there is no actual, imminent copyright infringement controversy between the parties.

### B. The Court Should Exercise Its Discretion To Decline To Hear Capital One's State Law Action.

Even if the Court had subject matter jurisdiction, and decided that there is an actual controversy in this case, the Court should exercise its discretion to decline to entertain Capital One's declaratory judgment action. "The Declaratory Judgment Act . . . 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" *Sherwin-Williams*, 343 F.3d at 389 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). In declaratory judgment cases, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 389 (internal quotation marks omitted) (quoting *Wilton*, 515 U.S. at 289).

In determining whether to decline jurisdiction, the Fifth Circuit examines seven factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (internal quotation marks omitted) (quoting *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)); *see also Pertuit v. Youthspan, Inc.*, No. 02-1188, 2003 WL 356021, *4-5 (E.D. La. Feb. 13, 2003). These factors are "guideposts," and are not exclusive. *Sherwin-Williams*, 343 F.3d at 388; *Pertuit*, 2003 WL 356021 at *4. The factors can be categorized into the three key goals that courts seek to attain in making these decisions: 1) "the proper allocation of decisionmaking between state and federal courts," 2) fairness, and 3) efficiency. *Sherwin-Williams*, 343 F.3d at 390-91. Setting aside factor seven as irrelevant, an evaluation of factors one through six supports dismissal of this declaratory judgment claim.

    *1. Principles of Federalism Support Dismissal Of This Claim.*

    In evaluating the first factor, courts examine whether the parties have filed state actions similar to the one at bar and whether general principles of federalism and comity warrant dismissal of the claim. *See, e.g.*, *Sherwin-Williams*, 343 F.3d at 390-96. There is no pending state action related to this declaratory judgment action. Although the absence of a parallel state action can "strengthen[] the argument against dismissal," the "lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Sherwin-Williams*, 343 F.3d at 394. In this case, the lack of pending state action counsels for dismissal of this case: Software AG has not brought a state action because any potential dispute is not ripe for resolution. Additionally, because this case only raises contract issues, governed by Virginia law pursuant to the Contract terms (*see* Compl. Ex. A at § 11.10), if a case or controversy exists, the Virginia state courts have a greater interest deciding this case.

### 2. Fairness Dictates Dismissal Of This Claim.

Factors two, three, and four also support dismissal of this case as a matter of fairness. Despite the fact that the parties were currently discussing Capital One's activities under the contract, Capital One rushed to file suit in Federal Court here in Louisiana. The fact that there is a disagreement over the need for broader license rights than those currently provided is not enough, particularly when the Contract itself contemplates the designation of representatives to try to resolve such questions. Likewise, Capital One admits that under the Contract the parties must "continue performing [their] obligations under the Agreement while [a] dispute is being resolved." Compl ¶ 13 (citation and internal quotation marks omitted); Compl. Ex. C (Amendment No. 2) at ¶ 7(b). Thus, there is no risk of disruption while the issues are addressed by the parties. Rather than follow the Contract's dispute resolution procedures, which could foreclose the need for any judicial action, Capital One "seized upon the opportunity to initiate a lawsuit on [its] own terms and in the forum of [its] choice." *Pertuit*, 2003 WL 356021, at *5. As this Court has noted, "[t]he Declaratory Judgment Act is not intended to encourage a race to the courthouse." *Id.* (quoting *Ruth's Chris v. Brown*, 1996 WL 39406, *3 (E.D. La. Jan. 31, 1996)). *Cf. Mill Creek Press, Inc. v. Thomas Kinkade Co.*, No. 3:04-cv-1213-G, 2004 WL 2607987, *7 (N.D. Tex. Nov. 16, 2004) ("Courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.").

Additionally, even if the Court finds that a dispute existed between the parties regarding their Contract, this Court should refuse to hear this case because the facts demonstrate that Software AG was actively attempting to negotiate a resolution of any alleged dispute. Hearing this action "would be condoning the gamesmanship of the . . . plaintiff[] while punishing the . . .

13

defendant[] for attempting to resolve the [alleged] dispute and thereby thwarting the purposes of the Declaratory Judgment Action." *Pertuit*, 2003 WL 356021, at *6; *see also Mill Creek*, 2004 WL 2607987, at * 9 ("[A]pplication of the first-to-file rule in this instance would penalize [the defendant] for its attempt to make a good faith effort to resolve this dispute out of court."). Thus, factors two, three, and four support dismissal of this lawsuit as unfair.

    *3. Litigating This Claim In This Court Would Be Inefficient.*

    Finally, adjudicating this case in the Eastern District of Louisiana would not be efficient for the parties and this Court. Both Software AG and Capital One are headquartered in Virginia.[2] Further, the Contract at issue is governed by Virginia law. *See* Compl Ex. A at ¶ 11.10. Given the preliminary stage of any real dispute, it would be inefficient to require resolution of questions of Virginia law in this Court.

## CONCLUSION

    Because there is no subject matter jurisdiction and no justiciable controversy, the Court should grant Software AG's Motion and dismiss the action.

Dated: October 18, 2010                             /s/ James R. Chastain, Jr.
                                                         James R. Chastain, Jr. (La. Bar No.19518)
                                                         William M Caughman (La. Bar. 22298)
                                                         Tara M. Madision (La. Bar 29354)
                                                         KEAN MILLER HAWTHORNE D'ARMOND MCCOWAN & JARMAN, LLP
                                                         One American Place
                                                         301 Main Street, Suite 1800
                                                         Baton Rouge, Louisiana  70801
                                                         Post Office Box 3513 (70821-3513)
                                                         225-389-3706 (telephone)
                                                         225-388-9133 (facsimile)
                                                         sonny.chastain@keanmiller.com
                                                         *Counsel for Software AG USA, Inc.*

---

[2] Paragraph 2 of the Complaint correctly identifies Software AG's principle place of business in Reston, Virginia; but incorrectly alleges that Software AG "is a Florida corporation." Compl. ¶ 2. Software AG is incorporated in Delaware, and its headquarters are located in Virginia.

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2010, I filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss electronically through the CM/ECF system, which caused the following counsel to be served by electronic means:

    Gerard E. Wimberly, Jr., T.A.
    Daniel T. Plunkett
    R. Andrew Patty II
    Angelina Christina
    MCGLINCHEY STAFFORD, PLLC
    601 Poydras Street, 12th Floor
    New Orleans, LA 70130-3477
    504-586-1200 (telephone)
    504-910-9362 (facsimile)
    gwimberly@mcglinchey.com
    dplunkett@mcglinchey.com
    dpatty@mcglinchey.com
    achristina@mcglinchey.com

    *Counsel for Capital One Services, Inc.*

    /s/ James R. Chastain, Jr.
    James R. Chastain, Jr. (La. Bar No.19518)
    KEAN MILLER HAWTHORNE D'ARMOND
    MCCOWAN & JARMAN, LLP
    One American Place
    301 Main Street, Suite 1800
    Baton Rouge, Louisiana 70801
    Post Office Box 3513 (70821-3513)
    225-389-3706 (telephone)
    225-388-9133 (facsimile)
    sonny.chastain@keanmiller.com

    *Counsel for Software AG USA, Inc.*

#309581